2. That plaintiff's application for incidental relief is denied.

3. That the cross-motion to dismiss by Brother Industries, Ltd. and Brother International Corporation is denied.

BROTHER INDUSTRIES, LTD., AND BROTHER INTERNATIONAL CORPORATION, PLAINTIFFS *v.* UNITED STATES, DEFENDANT; SMITH-CORONA GROUP, CONSUMER PRODUCTS DIVISION, SCM CORPORATION, PARTY-IN-INTEREST

Court No. 80-9-01436

SMITH-CORONA GROUP, CONSUMER PRODUCTS DIVISION, SCM CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT, BROTHER INDUSTRIES, LTD., AND BROTHER INTERNATIONAL CORPORATION; SILVER SEIKO, LTD., AND SILVER REED AMERICA, INC., PARTIES-IN-INTEREST

Court No. 80-9-01343

(Dated: December 30, 1980)

*Alice Daniel*, Assistant Attorney General (*David M. Cohen*, Director, Commercial Litigation Branch, and *Velta A. Melnbrencis*, Assistant Branch Director, Esqs.), for the defendant.

*Tanaka Walders & Ritger*, Esqs. (*H. William Tanaka, Donald L. E. Ritger* and *Wesley K. Caine*, Esqs., of counsel) for Brother Industries, Ltd., and Brother International Corporation, party-in-interest.

*Arter, Hadden & Hemmendinger*, Esqs. (*William Barringer* and *Christopher Dunn*, Esqs., of counsel) for Silver Seiko, Ltd., and Silver Reed America, Inc., party-in-interest.

NEWMAN, Judge: Brother Industries, Ltd. and Brother International Corp. (Brother) have moved to consolidate court No. 80-9-01343 (in which Brother appears as a party-in-interest) and court No. 80-9-01436 (in which Brother appears as plaintiff). Silver Seiko, Ltd. and Silver Reed America, Inc. (Silver) oppose consolidation and have cross-moved for severance of court No. 80-9-01343 with regard to Silver in the event this court grants Brother's motion. The Government consents to Brother's motion for consolidation and opposes Silver's cross-motion for severance. Smith-Corona Group, Consumer Products Division, SCM Corp. (SCM) has not responded to either of the pending motions.

For the reasons stated below, Brother's motion for consolidation is granted, and Silver's cross-motion for severance is denied.

Rule 42(a) of the Rules of this Court provides:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated under a consolidated complaint; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In both of the above-captioned actions, plaintiffs challenge the "Early Determination of Antidumping Duties" reached by the International Trade Administration, U.S. Department of Commerce (Commerce) pursuant to section 736(c) of the Tariff Act of 1930, as added by the Trade Agreements Act of 1979 (Public Law 96–39, 93 Stat. 201) (19 U.S.C. 1673(c)) (45 F.R. 53853). The respective plaintiffs in both cases contend that Commerce erred as to various respects in calculating inter alia, the estimated antidumping duties to be deposited in connection with entries of certain portable electric typewriters imported from Japan during the same period of time. Thus, in both cases, the same administrative record and determination are the subjects of this court's review. The court cannot completely determine the correctness of the contested determination without resolving the questions raised in both cases concerning various adjustments to foreign market value, and it is clear that the two actions involve common questions of law or fact.

Silver's cross-motion for severance is without merit. As noted in the memoranda of law filed in connection with SCM's application for injunctive and incidental relief in court No. 80–9–01343, which application is decided contemporaneously with this motion and order,[1] the SCM action raises issues of law which are common to both Brother's and Silver's typewriters. Under these circumstances, it makes sense that the issues be briefed and decided in one consolidated case. Severing the action, as requested by Silver, would result in much needless duplication of effort on the part of SCM, the Government and the court, without commensurate benefit to Silver. While, of course, there may be proceedings in the consolidated case that do not directly affect Silver's interests, by the same token it would appear to be of benefit to Silver to know all that is brought to the attention of the court concerning the contested determination which Silver wishes to defend respecting its own typewriters. If there are any matters raised which do not affect Silver, it need not respond. In any event and most

---

[1] *Smith-Corona Group, Consumer Products Division, SCM Corporation* v. *United States, et al.*, 1 CIT 165, Slip Op. 80–17 (1980).

certainly, the court is convinced that consolidation is the practical solution for this maze of proceedings.

In essence—and despite the obvious complexity—consolidation of the two cases will promote judicial economy. The court will be concerned with only one administrative record in both actions; there will be no need to monitor extra motions, such as for extensions of time or for summary judgment, etc.; and consolidation will permit the court to resolve all issues relating to the contested administrative determination in a single legal proceeding, albeit complicated.

For the foregoing reasons, it is hereby ORDERED:

1. That the motion for consolidation by Brother is granted; and
2. That the alternative motion for severance by Silver is denied.